(86 South. 482)

No. 24126.

**STATE v. ALLEMON et al.**

(Nov. 3, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Homicide** ⬾162—**Evidence held inadmissible to show conspiracy in prosecution for assault to kill.**

In a prosecution for assault with intent to murder, committed by three persons by striking the person assaulted with an iron pump at a ball, evidence that one of defendants had been disorderly and was put out of the ballroom, that he used offensive language to the wife of the person assaulted, that some one threw a bottle at a girl in the ballroom, and that an altercation ensued, wherein one of the defendants stated, in effect, that he had companions who would back him, to which another defendant agreed, *held* not admissible, as showing a conspiracy among the defendants to commit the assault.

2. **Criminal law** ⬾363—**Evidence inadmissible as res gestæ in prosecution for assault with intent to kill.**

In a prosecution for assault with intent to murder, committed by three persons by striking the person assaulted with an iron pump at a ball, evidence that one of the defendants had been disorderly and was put out of the ballroom, that he used offensive language to the wife of the person assaulted, that some one threw a bottle at a girl in 'the ballroom, and that an altercation ensued, wherein one of the defendants stated, in effect, that he had companions who would back him, to which another defendant agreed, *held* not admissible as res gestæ.

3. **Homicide** ⬾338(4)—**Improper admission of evidence in prosecution for assault with intent to kill held not cured by instruction.**

In a prosecution for assault with intent to murder, committed by three persons by striking the person assaulted with an iron pump at a ball, evidence that one of the defendants had been disorderly and was put out of the ballroom, that he used offensive language to the wife of the person assaulted, that some one threw a bottle at a girl in the ballroom, and that an altercation ensued, wherein one of the defendants stated, in effect, that he had companions who would back him, to which another defendant agreed, after having been improperly admitted, *held* not cured by an instruction to disregard.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Jules Allemon, Ovey Allemon, and Forestier Meyer were accused of assault with intent to murder. Jules Allemon pleaded guilty, and from conviction the other defendants appeal. Judgment set aside and case remanded for trial.

Philip S. Pugh, of Crowley, for appellants.
A. V. Coco, Atty. Gen., Percy T. Ogden, Dist. Atty., of Crowley, and T. S. Walmsley, of New Orleans, for the State.

PROVOSTY, J. Three accused, namely, Jules and Ovey Allemon and Forestier Meyer, were charged by indictment with having struck Bernard Richard with an iron pump with intent to murder him. Jules Allemon pleaded guilty. The other two were tried, convicted and sentenced, and have appealed.

At a ball at the house of a Mr. Castille, some one had stolen a cake belonging to Mrs. Richard, the wife of the man who was struck; and from some cause or other the accused Ovey Allemon began fussing with this lady, and using vulgar language, and singing and saying that no one could put him out. Among other offensive expressions used, he called Mrs. Richard a s—— of a b——. Mr. Castille came in, and with the assistance of others put him out. This was half an hour, or an hour, before the assault upon Richard, and was, moreover, in the ballroom, whereas the assault took place in the kitchen. Some 10 or 20 minutes before this assault, some one unknown threw a bottle at a Miss Meyer

in the ballroom. At the same ball the accused Meyer and a boy named Miller had an altercation. Whether this was before or after Ovey Allemon had been ejected from the ballroom does not appear. Nor what brought about the altercation. In the course of it Forestier Meyer said he was not alone (meaning that he had companions at hand who would back him), and Ovey Allemon, who was near, confirmed that statement by saying: "He [meaning Forestier Meyer] is not alone."

[1, 2] The learned trial judge allowed these occurrences in the ballroom to be testified to, over the objection of the defendant that they were irrelevant and yet of a nature to prejudice the jury. We fail to see any connection between these happenings and the assault on Richard. The reason assigned for allowing them to be proved was that they formed part of the res gestæ, and tended to show a conspiracy among the three defendants to commit the assault. But they had no such tendency, and were certainly no part of the res gestæ; and our learned brother below so recognized later, for he instructed the jury to disregard them.

[3] Whether the error in admitting this evidence was cured by this instruction is the question in the case. We do not think it was. The evidence must have made a strong impression on the minds of the jury, as going to show that the assault upon Richard was but a culmination of the disturbances in the ballroom, and that the responsibility for these disturbances lay with accused. The impression thus made could not be dispelled by an instruction to disregard. Jurors are but humans, and humans cannot help being influenced more or less in their judgment by impressions once received, try to ignore them as they will.

The judgment appealed from is set aside, and the case is remanded for trial.